912 A.2d 781

**WHITE DEER TOWNSHIP, Appellee**

v.

**Charles NAPP, Helen Napp, Leonard Caris, Doris Caris, Charlotte Hartranft, and Donald Bird, Appellants.**

Supreme Court of Pennsylvania.

Argued May 10, 2006.

Decided Dec. 27, 2006.

302

Jeffrey C. Dohrmann, Williamsport, Pamela L. Shipman, for Charles Napp, et al., appellants.

Thomas L. Wenger, Harrisburg, Peter Grayson Howland, for PSATS Trustees Ins., appellant amicus curiae.

Timothy James Nieman, Robert J. Tribeck, Harrisburg, for White Deer Tp., appellee.

BEFORE: CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN AND BAER, JJ.

## *OPINION*

Justice SAYLOR.

This appeal concerns whether the common pleas court correctly terminated a municipality's challenge to the receipt by Second Class Township supervisors and their spouses of post-retirement medical insurance benefits that the supervisors themselves authorized.

Charles Napp, Leonard Caris, and Carl Hartranft (deceased) are former supervisors and employees of White Deer Township, a municipality organized under the provisions of the Second Class Township Code.[1, 2] In December 1997, at a time

1. Act of May 1, 1933, P.L. 103 (as amended 53 P.S. §§ 65101–68701).

2. As developed below, procedurally, this appeal arises out of the sustaining of a demurrer, resulting in the dismissal of a declaratory

when they had worked for the Township for more than twenty years, Messrs. Napp, Caris, and Hartranft adopted a resolution that resulted in an ordinance providing medical insurance for retirees employed for at least twenty years by the Township, supplemental to that available under the Medicare program.

In January 2004, under a new slate of supervisors, the Township filed a complaint for a declaratory judgment, naming as defendants Messrs. Napp and Caris and their spouses, Mr. Hartranft's widow, and Donald Bird, a retired Township employee, and asserting that they are all of the individuals who receive benefits under the ordinance. In the complaint, the Township requested a determination that the ordinance was void as there was no statutory basis supporting its enactment, or, alternatively, that the Township had legal authority to repeal the ordinance and terminate Appellants' supplemental medical insurance benefits. More specifically, the Township asserted that there is no authority in the Second Class Township Code to support the provision of insurance benefits to retired employees, and alternatively, the provision of such benefits to retired supervisors and their families violated specific prohibitions of Section 606 of the Second Class Township Code, 53 P.S. § 65606, entitled: "Compensation of supervisors."

Appellants filed preliminary objections in the nature of a demurrer, which were sustained by the common pleas court. In its decision, the common pleas court implicitly recognized that the Legislature removed certain matters involving personal pecuniary interest from the purview of local township supervisors by relegating the decision making authority to a board of auditors. *See White Deer Twp. v. Napp*, No. 04–0007, *slip op.* at 3 (C.P. Union June 30, 2004). The court found, however, that, under Section 606(c)(1) of the Second Class Township Code, 53 P.S. 65606(c)(1), participation by

judgment complaint. As such, the factual background is drawn from the complaint and developed in the light most favorable to the plaintiff, according to the governing review standard. *See McNeil v. Jordan*, 586 Pa. 413, 434–35, 894 A.2d 1260, 1273 (2006).

supervisor-employees in township-paid health insurance plans no longer required auditor approval. *See id.* at 3–4 (citing *Summers v. Commonwealth, State Ethics Comm'n,* 128 Pa. Cmwlth. 520, 523–24, 563 A.2d 1295, 1296–97 (1989) (holding that the provision of life and health insurance coverage to current supervisor-employees did not require auditor approval)). The court also referenced *Newport Twp. v. Margalis,* 110 Pa.Cmwlth. 611, 616–17, 532 A.2d 1263, 1265–66 (1987) (holding that a township which adopted a valid resolution to pay retired employees' medical insurance could not unilaterally terminate its obligation), for the proposition that the current slate of supervisors was not authorized to repeal the ordinance. Additionally, in a footnote, the common pleas court questioned whether any challenge to the procedure used in promulgating the ordinance was time-barred under Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5), which prescribes, *inter alia,* that "questions relating to an alleged defect in the process of enactment or adoption of any ordinance ... shall be raised by appeal or challenge commenced within 30 days after the intended effective date of the ordinance[.]" Moreover, the court apparently interlineated its reservations concerning the timeliness of the Township's challenge into its holding. *See Napp,* No. 04–0007, *slip op.* at 6 ("Based upon the legal authority referenced and discussed above, we conclude that the Township is *procedurally and* substantively precluded from challenging the validity of Ordinance 4–97 and, alternatively, precluded from abolishing the medical benefits due to Defendants." (emphasis added)).

The Township filed an appeal in the Commonwealth Court, in which it pursued only the arguments related to the status of Messrs. Napp, Caris, and Hartranft as supervisors, but did not further advance the position that the Township lacked authority to provide post-retirement medical insurance benefits to retired employees as such.[3] The Commonwealth Court,

---

**3.** The Commonwealth Court indicated in its opinion that the Township did advance this position; however, this assertion does not bear out upon a review of the Township's briefs filed in the Commonwealth Court, *see* Brief for Appellant, *White Deer Twp. v. Napp,* 2004 WL

however, reversed in a published opinion, holding that the Township lacked statutory authority to provide medical benefits to retired employees. *See White Deer Twp. v. Napp,* 874 A.2d 1258 (Pa.Cmwlth.2005). The court grounded its reasoning on a passage of Section 606(c) of the Second Class Township Code which provides: "supervisors *while in office or while in the employ of the township* may be eligible for inclusion in township-paid insurance plans." *Id.* at 1261 (quoting 53 P.S. § 65606(c)) (emphasis in original). Although this language is facially applicable only to supervisors, according to the Commonwealth Court, "the plain language of Section 606(c) provides that medical benefits are only available for current employees[.]" *Id.* at 1263. Thus, the court determined that the Township lacked the authority to grant post-retirement benefits, and it reversed and remanded to the common pleas court for an award of declaratory relief in favor of the Township. The Commonwealth Court did not address the common pleas court's conclusion that the Township's challenge was procedurally barred.

We initially allowed appeal on the issue arising directly from the holding of the Commonwealth Court, namely, whether the Second Class Township Code authorizes municipalities to provide post-retirement medical and health benefits to its employees. *See White Deer Twp. v. Napp,* 586 Pa. 46, 890 A.2d 368 (2005) (*per curiam*). Upon further examination, we enlarged our review to subsume the question whether the statute prohibits Second Class Townships from providing such benefits to supervisors who are also employees. The appellate review of this issue of statutory construction is plenary.

At the outset, we decline to utilize this case as a vehicle to resolve the question that we have now clarified was not presented to the Commonwealth Court by the Township as the appellant therein, namely, the availability of post-retirement medical insurance benefits to retired employees generally. We note only that we agree with both parties that the Commonwealth Court's reliance, in addressing that issue, on

3605550 (Pa.Cmwlth.2004), and, indeed, is refuted by the Township in its present submission. *See* Brief for Appellee at 4 n. 3.

Section 606(c), which is applicable only to township supervisors, is unpersuasive.

On the question of whether supervisors are restricted from post-retirement medical insurance benefits under Section 606 of the Second Class Township Code, Appellants' overarching position is that the supervisors are entitled to such benefits as deferred compensation in their capacity as employees, and that nothing in Section 606 of the Second Class Township Code precludes them from being compensated on equal par with all other employees. The Township counters that Section 606 was crafted carefully by the legislature to minimize the potential for, and impact of, conflicts of interests arising out of the decision making authority of municipal supervisors. More specifically, the Township believes that Section 606 protects against the circumstances that underlie this appeal, which it characterizes as an eve-of-retirement vote by self-interested Second Class Township supervisors to provide themselves with an unauthorized lifetime benefit.

■ On review of Section 606, it is evident that the Township is correct that the statute was in fact designed to curtail decision making by local supervisors on matters affecting their own self-interest. In this regard, its provisions expressly limit the amount a supervisor may receive as compensation as established by ordinance, *see* 53 P.S. § 65606(a); shift the responsibility to determine the compensation of supervisors, when serving in other capacities as township employees, to the board of auditors, *see id.*; forbid supervisors from being compensated as employees for attending meetings of the board of supervisors, *see id.*; prescribe that any change in salary, compensation, or emoluments of the elected office become effective at the beginning of the next term of the supervisor, *see id.*; delineate specific parameters for supervisor participation in employee pension plans, including provisions requiring auditor approval, *see* 53 P.S. § 65606(b); and control supervisor participation in township-paid insurance plans, *see* 53 P.S. § 65606(c). In light of such provisions, the legislative intent to limit self-interested decision making by supervisors is, again, manifest. Therefore, although Appel-

lants are correct that no portion of Section 606 expressly forbids supervisors from receiving post-retirement medical insurance benefits in their capacity as former employees, we do not believe that this is wholly dispositive of the Township's challenge. Rather, the Township more broadly has challenged the manner in which the benefits were authorized, by interested supervisors.

■ In this regard, as noted, the common pleas court found that Section 606 permitted self-interested supervisors to confer post-retirement medical insurance benefits upon themselves under Section 606(c), which provides for the inclusion of supervisors within township-paid insurance plans. *See* 53 P.S. § 65606(c). As the Township emphasizes, however, Section 606(c) by its terms pertains only to the inclusion of supervisors in such plans "while in office or while in the employ of the township." 53 P.S. § 65606(c); *accord Summers,* 128 Pa. Cmwlth. at 523–24, 563 A.2d at 1296–97 (holding that the provision of life and health insurance coverage to *current* supervisor-employees did not require auditor approval). Indeed, Appellants' argument to address this express limitation is that the passage is permissive but not restrictive, or, in other words, it allows for pre-retirement medical insurance benefits but does not curtail post-retirement benefits that might otherwise be conferred as a form of deferred compensation. Since, however, it is clear that Section 606(c) does not operate to control the conferral of post-retirement medical insurance benefits, contrary to the common pleas court's reasoning, it cannot serve as a basis for relief from auditor involvement relative to such benefits.

As noted, Section 606(a) requires that compensation for supervisors arising from their status as township employees should be set by a board of auditors, as follows:

The compensation of supervisors, when employed as roadmasters, laborers, secretary, treasurer, assistant secretary, assistant treasurer or in any employe capacity not otherwise prohibited by this or any other act, shall be determined by the board of auditors, at an hourly, daily, weekly, semi-

monthly, or monthly basis, which shall be comparable to compensation paid in the locality for similar services.

53 P.S. § 65606(a). The involvement of an auditor is also required relative to deferred compensation in the form of pension benefits. *See* 53 P.S. § 65606(b) (prescribing that "[a]ny benefit provided to or for the benefit of a supervisor employed by the township in any employe capacity under this act in the form of inclusion in a pension plan paid for in whole or in part by the township is compensation within the meaning of this act to the extent that benefit is paid for by the township and is determined by the board of auditors").

 Notably, the only prevailing theory supporting the provision of medical insurance benefits to retired employees (and Appellants' sole argument that such provision is authorized under the Second Class Township Code) is that the benefits are a form of deferred compensation. *See Fairview Township v. Fairview Township Police Ass'n*, 795 A.2d 463, 470–71 (Pa.Cmwlth.2002) (citing *Lower Merion Fraternal Order of Police Lodge Number Twenty–Eight v. Township of Lower Merion*, 511 Pa. 186, 199, 512 A.2d 612, 619 (1986) (opinion in support of reversal)), *affirmed per curiam*, 576 Pa. 226, 839 A.2d 183 (2003). Certainly, Section 606 may contain some facial ambiguity in terms of just how post-retirement medical insurance benefits should be administered to the extent that they may be available as deferred compensation. For instance, Section 606(a)'s authorization for auditor-directed compensation to supervisors acting as employees is framed in terms of "hourly, daily, weekly, semi-monthly or monthly" payments, *see* 53 P.S. 65606(a), and thus, one way to read the provision is to conclude that it is directed solely at wage determinations. However, in light of the overall design of the legislation as previously discussed, which specifically injects a requirement of auditor involvement into compensation and pension determinations, *see* 53 P.S. § 65606(a), (b), and removes such requirement only for certain insurance benefit allowances afforded to supervisors "while in office or while in the employ of the township," 53 P.S. § 65606(c), it seems clear that the Legislature did not intend any decision involving

compensation (direct or deferred) to be relegated solely to supervisors benefiting from it.

The parties' dispute presently cannot be resolved on a theory of auditor non-involvement, however, as there is nothing in the record to establish the existence or degree of such involvement in the decision of the appellant-supervisors to grant themselves post-retirement medical insurance benefits. We also recognize that the Township did not specifically allege in its complaint the absence of auditor involvement as a basis for relief. Nevertheless, the Township did aver that the benefits were conferred by interested supervisors without statutory authorization, and we believe that this allegation is sufficient to subsume a possibility of relief based upon the understanding that the statute in fact relegates the final decision exclusively to other officials. *Cf. McNeil*, 586 Pa. at 440, 894 A.2d at 1276 ("Under the Commonwealth's fact-pleading regime, any complaint must state facts in which the complainant reasonably believes, and under which a good faith argument may reasonably be made that Pennsylvania law provides, or under developing law may provide, relief."). Furthermore, the standard governing the grant of a demurrer is highly restrictive—it is not appropriate if the facts as pleaded state a claim for which relief may be granted under any theory of law. *See Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 272, 516 A.2d 672, 675 (1986).

Based on the above, we conclude that the substantive reasoning offered by the common pleas court does not support its decision to sustain a demurrer to the Township's challenge to the conferral by Second Class Township supervisors of post-retirement medical benefits upon themselves on the present state of the record.[4]

We have determined that the Commonwealth Court erred in directing an award of declaratory relief in favor of the

4. While Appellant Bird was not a supervisor, in the absence of developed legal arguments concerning the effect of any invalidation of the ordinance as to the Napps, the Carises, and Mrs. Hartranft upon benefits to Mr. Bird, we decline to approve the demurrer as to any part of the Township's complaint at this juncture.

Township on the ground that Section 606(c) of the Second Class Township Code forecloses township employees from eligibility for post-retirement medical benefits, and that the common pleas court erred in sustaining a demurrer on the substantive reasoning that it provided. We reiterate, however, that the common pleas court expressed an alternative basis for its holding, namely, that the Township's challenge was procedurally barred, presumably under Section 5571(c)(5) of the Judicial Code. Nevertheless, given that the present grant of allocatur is a limited one, we will not consider whether the appeal should be finally resolved on this ground or any alternative one, but rather, will remand to the Commonwealth Court for appropriate disposition. We note only that the Commonwealth Court should have treated (and should now treat) the common pleas court's position that Second Class Township employees in general are eligible for post-retirement medical benefits as the law of this case, since, as noted, the Township did not challenge this proposition in its initial appeal.

The order of the Commonwealth Court is vacated and the matter is remanded to it for further proceedings consistent with this opinion. Jurisdiction is relinquished.

Chief Justice CAPPY, Justices CASTILLE, NEWMAN, EAKIN, and BAER join the opinion.

Justice BALDWIN did not participate in the consideration or decision of this case.