503 Pa. 219 (1983)
469 A.2d 141
COMMONWEALTH of Pennsylvania, ex rel. Leroy S. ZIMMERMAN, Attorney General of the Commonwealth of Pennsylvania and John A. Reilly, District Attorney of Delaware County, Pennsylvania, Appellants,
v.
OFFICERS AND EMPLOYEES RETIREMENT BOARD.
Supreme Court of Pennsylvania.
Reargued October 18, 1983.
Decided December 29, 1983.
*220 Robert A. Graci, Rex R. Gary, Asst. Dist. Attys., Susan J. Forney, Deputy Atty. Gen., for appellants.
Christopher F. Gorbey, Chester, for appellee.
Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT and ZAPPALA, JJ.

OPINION
PER CURIAM:
This appeal relates to a denial by the Court of Common Pleas of Delaware County to issue a writ of mandamus compelling the Officers and Employees Retirement Board *221 (appellee) to discontinue the payment of retirement benefits to a pensioner under the alleged authority of the Public Employee Pension Forfeiture Act (Forfeiture Act), Act of July 8, 1978 P.L. 752, No. 140 § 1 et seq., 43 P.S. § 1311 et seq. (Supp.1983-84). On May 28, 1980 the common pleas court filed an opinion and order granting the instant appellee's motion for summary judgment and dismissed the complaint relying upon the Commonwealth Court's decision in Burello v. Commonwealth of Pennsylvania, State Employees' Retirement System, 49 Pa. Commonwealth Ct. 364, 411 A.2d 852 (1980).[1] This appeal came directly to this Court pursuant to section 722(7) of the Judicial Code, 42 Pa.C.S. § 722(7).
While this appeal was pending and prior to the date scheduled for oral argument this Court decided Bellomini v. State Employees' Retirement Board, 498 Pa. 204, 445 A.2d 737 (1982). Because of the similarities of the issues in Bellomini with those presented here appellants requested and they were granted a continuance of oral argument and given leave to file a supplemental brief by order of this Court dated October 7, 1982. In due course the supplemental brief and a responsive brief by appellee were filed and oral argument heard on December 8, 1982. A decision affirming the trial court's dismissal of the complaint in mandamus was filed March 31, 1983. Commonwealth ex rel. Zimmerman v. Officers and Employees' Retirement Board, 501 Pa. 293, 461 A.2d 593 (1983). A request for reargument was granted and oral argument was again heard on October 18, 1983. We now reaffirm the initial decision entered by this Court.
The complaint in mandamus called upon the court of common pleas to order appellees to discontinue payments of pension benefits to a pensioner based upon the retroactive provision of section 7 which purported to extend the terms of the Forfeiture Act to December 1, 1972 although the *222 effective date of the Forfeiture Act was July 8, 1978.[2] It is that attempt to divest previously vested rights of a public employee or official by subsequent legislative judgment that we find to be a constitutionally impermissible retroactive divestment of vested rights.
In Pennsylvania we have rejected the view that pension benefits are mere gratuities or expectancies subject to the whim of the munificent governmental employer. To the contrary, it is the well settled law of this jurisdiction that the nature of retirement provisions for public employees is that of deferred compensation for services actually rendered in the past. Commonwealth ex rel. Zimmerman v. Officers and Employees' Retirement Board, supra, 501 Pa. at 297, 461 A.2d at 595; Bellomini v. State Employees' Retirement Board, supra 498 Pa. at 209, 445 A.2d at 739. Accord, McKenna v. State Employees' Retirement Board, 495 Pa. 324, 433 A.2d 871 (1981); Harvey v. Allegheny County Retirement Board, 392 Pa. 421, 141 A.2d 197 (1958); Wright v. Retirement Board of Allegheny County, 390 Pa. 75, 134 A.2d 231 (1957); Baker v. Retirement Board of Allegheny County, 374 Pa. 165, 97 A.2d 231 (1953); McBride v. Allegheny County Retirement Board, 330 Pa. 402, 199 A. 130 (1938); Retirement Board of Allegheny County v. McGovern, 316 Pa. 161, 174 A. 400 (1934). Moreover, in Bellomini v. State Employees' Retirement Board, supra, we rejected the argument that there was an implied condition of faithful service which was a condition precedent to the receipt of retirement funds. Id. 498 Pa. at 211-212, 445 A.2d at 740-741.
Thus, the only basis to support appellant's request for a writ of mandamus terminating the payment of benefits to the instant pensioner is based upon the retroactive provision provided for in section 7 of the Forfeiture Act. In Bellomini a majority of the members of this Court held that the *223 Forfeiture Act could not prevent the payment of benefits to employees whose pension rights were vested in enjoyment prior to the passage of that act. Here the question is whether the retroactive provision may apply when the conduct of an employee or official occurred prior to the passage of the Forfeiture Act at a time when his right in the terms of entitlement, although not enjoyment, had vested.
The emotional appeal of the argument that such a result rewards an employee for unfaithful service and unwarrantly undermines government service attempts to obfuscate the basis for our decision. We again reiterate that pension benefits represent deferred payment for past services. From the date of the enactment of the Forfeiture Act government employees are placed on notice that unfaithful service could jeopardize their pension rights and thus it serves as a deterrent to future misbehavior. However, the application to conduct prior to the enactment of the Forfeiture Act has no deterrent impact upon an employee who committed improper acts relating to the employment prior to that enactment, as was the case here.
Of equal significance, the unfaithful service would provide a basis for the termination of the employment of the governmental employee or the removal from office of the public official. In such case, even though the official or employee may have enjoyed a vested right in the terms of eligibility for pension benefits, those benefits could properly be denied if the official or employee failed to meet the original term of eligibility for receipt of those benefits, e.g., as the required length of service.[3] In such case the forfeiture is not retroactively applied but rather the conduct of the official or employee serves as the basis for the termination of the service and the loss of benefits results directly *224 from the failure of the employee to complete the term of eligibility.
Appellant's argument that this decision frustrates the application of the Forfeiture Act to employees or officials who commenced service prior to the enactment of that Act is totally incorrect. The gravamen of the objection is the retroactive application for conduct occurring prior to the passage of the Forfeiture Act.
Accordingly, the order of the Court below granting the motion for summary judgment and dismissing the complaint in mandamus is affirmed.
ZAPPALA, J., files a concurring opinion.
ROBERTS, C.J., files a dissenting opinion in which LARSEN, J., joins.
HUTCHINSON, J., did not participate in the consideration or decision of this case.
ZAPPALA, Justice, concurring.
While I concur with the result reached by the majority today, I feel the need to write separately to emphasize the fact that no law, regardless of how noble its purpose, may retroactively affect existing contract obligations. U.S. Const. art. 1, § 10, cl. 1.
In the instant case, Appellants' purported argument is totally contrary to all principles of contract law. It is unquestioned that the Appellee herein entered into a pension agreement wherein certain requirements were to be met in order to insure the payment of the pension itself. The pension, therefore, vests upon compliance of all the terms and conditions at the time in which the parties had agreed. Once a contractual obligation vests, no matter how innocuous it may appear, the same cannot be altered, amended or changed by unilateral action. There is no question that the Appellee in this case had certain vested interests in the plan itself. To at this time permit the requirements of Act 140 to be interposed retroactively *225 would destroy all the principles heretofore established under contract law. This clearly is impermissible.

DISSENTING OPINION
ROBERTS, Chief Justice.
Once again I must dissent from yet another miscarriage of justice caused by some members of this Court who insist on mandating the payment of a full pension at public expense to an ex-public official convicted of political corruption and dishonesty in office, the fourth such mandate compelling my dissent in the past three years. See Commonwealth ex rel. Zimmerman v. Officers and Employees Retirement Board (Matter of Nacrelli Pension), 501 Pa. 293, 303, 461 A.2d 593, 598-600 (1983) (Roberts, C.J., joined by Larsen, J., dissenting); Bellomini & Cianfrani v. State Employees' Retirement Board, 498 Pa. 204, 213-18, 445 A.2d 737, 741-44 (1982) (Roberts, J., joined by Larsen, J., dissenting); Miller & Fineman v. State Employees' Retirement Board, 498 Pa. 103, 108-112, 445 A.2d 88, 90-92 (1981) (Roberts, J., joined by Larsen & Kauffman, JJ., in support of reversal).
Today's reward for dishonesty in public office goes to John Nacrelli, the former mayor of the City of Chester, who was convicted in federal court of obstructing law enforcement, 18 U.S.C. § 1511, and related charges of corruption. Nacrelli was sentenced to a term of imprisonment of six years on March 21, 1979. Nevertheless, he did not cease being Mayor of Chester until April 27, 1979, just long enough, by three weeks, to have completed twenty years of service with the City, and to have thus satisfied the years-of-service requirement of the City's pension plan. Nacrelli is not a party to these proceedings, although his interests have been advanced by the Assistant City Solicitor of the City of Chester, who has defended the payment of a public pension to ex-mayor Nacrelli in the trial court, on direct appeal to this Court, and now on reargument of the direct appeal, all at the additional expense of the taxpayers of the City of Chester.
*226 Ex-mayor Nacrelli is rewarded with a publicly funded pension notwithstanding his crimes in office in an opinion entered "per curiam," a designation generally reserved for unanimous opinions of a court, or, at the very least, majority opinions, and not opinions such as today's, which is embraced by only three of the six members of this Court who participate in the decision. That opinion advances a combination of two theories in support of its reward: one, that Nacrelli committed his crimes in office before the enactment of the Public Employees Pension Forfeiture Act, Act of July 8, 1978, P.L. 752, § 1 et seq., 43 P.S. § 1311 et seq. (Supp.1983), and thus was without "notice" that his breaches of the public trust would make him ineligible for his publicly funded pension; and two, that pension terms and conditions are immutable as of the commencement of employment and that Nacrelli, who commenced public employment before the enactment of the Forfeiture Act and managed to delay his resignation until he had completed twenty years of service with the City of Chester, has fulfilled all the conditions of eligibility for pension benefits. The per curiam opinion deems both theories to be "of equal significance," yet the "immutable contract" theory, in the light of the most recent mandate awarding Nacrelli a public pension, is clearly controlling in the minds of at least some Court members joining in today's result, who apparently would require that Nacrelli be awarded a pension even if he had committed his crimes after the enactment of the Forfeiture Act. See Commonwealth ex rel. Zimmerman v. Officers and Employees Retirement Board, supra, 501 Pa. at 295-302, 461 A.2d at 594-98 (Nix, J., joined by McDermott, J., announcing the judgment of the Court).
Having forever insulated all employees hired before the date of the Forfeiture Act from the Act's effect, the per curiam opinion seeks to mitigate its unsupportable decision by suggesting that pensions may still be withheld from any of these employees who breach the public trust if their abuse of office is discovered and they are removed from office before having completed the requisite term of service. *227 Inexplicably, however, this purported concern for the advancement of the Forfeiture Act's goals is discarded on the facts of this case, which show clearly that despite having been found guilty of public corruption as charged, Nacrelli was able to delay the effective date of his resignation until five weeks after he had been sentenced to a term of imprisonment, and three weeks after the twentieth anniversary of the commencement of his employment with the City of Chester. On this record, is it not clear that controlling effect should be given to the date that the convicted public official should have been removed from office or, for that matter, the date on which the public trust was breached? How are the goals of the Act advanced by endorsing a public servant's ability to manipulate the date of his resignation and thus effectively foreclose his timely discharge?
It remains a puzzle how today's per curiam opinion can steadfastly choose to disregard over five decades of this Court's case law which recognizes that retirement benefits are "founded on faithful, valuable services actually rendered to the Commonwealth over a long period of years. . .," Busser v. Snyder, 282 Pa. 440, 454, 128 A. 80, 85 (1925), and even longer standing case law embracing the common-law rule which subjects any employee, public or private, to a forfeiture of employment benefits if he breaches the duty to discharge his employment responsibilities with fidelity, see, e.g., Peniston v. John Y. Huber Co., 196 Pa. 580, 46 A. 934 (1900). See generally Bellomini & Cianfrani v. State Employees' Retirement Board, supra, 498 Pa. at 215-16, 445 A.2d at 742-43 (Roberts, J., joined by Larsen, J., dissenting) (citing cases). The American ideal of equal justice under law rejects every device which would accord to public officials an exceptional position before the law. See Commonwealth v. Casper, 481 Pa. 143, 392 A.2d 287 (1978). Only through adherence to this ideal can respect for law and the integrity of public service be maintained.
It was to be hoped that this Court, presented with the opportunity on reargument to correct the earlier error committed *228 in rewarding ex-mayor Nacrelli with a pension fully funded at taxpayers' expense, would dismantle the monument to personal greed and corruption in office erected in Miller & Fineman, Bellomini & Cianfrani, and the previous Nacrelli appeal. Regrettably, after today's per curiam opinion, one can only continue to hope.
LARSEN, J., joins in this dissenting opinion.
NOTES
[1] The appeal taken by the Commonwealth from that decision was discontinued by the Attorney General on July 9, 1982.
[2] Section 7 provides:

Retroactively [sic]
The provisions of this Act shall be retroactive to December 1, 1972. 43 P.S. § 1313 note.
[3] Under the Chester pension system, employees who are sixty (60) years of age or older and have been employed by the City for twenty (20) or more years are entitled to retire with full pension benefits. Except under a few specified circumstances, not here involved, employees with less than twenty (20) years' service have no rights to pension benefits.