## DiLacqua v. City of Philadelphia

*Elise Bruhl,* for appellant.
*Mark E. Gottlieb* and *Meghan K. Finnerty,* for

appellee.

TUCKER, *J.*, May 9, 2012—

## I. Summary

This matter comes before the court on appeal from an order of the court overruling a decision of the City of Philadelphia, Board of Pensions and Retirement. The Board of Pensions and Retirement (hereinafter referred to as "appellant") disqualified Rosemary DiLacqua (hereinafter referred to as "appellee") from receiving pension benefits and terminated benefits under the City of Philadelphia Deferred Retirement Option Plan (hereinafter referred to as "DROP"). DROP is a program whereby eligible city employees may elect to make an irrevocable commitment to separate from civil service and to retire no later than four (4) years after entering the program; employees receive DROP payments upon separation from civil service. The Philadelphia Code § 22-310. Pursuant to Pennsylvania Local Agency Law and the Philadelphia Code, appellee appealed appellant's decision to disqualify her from retirement benefits because of a conviction of honest services mail fraud, which has since been held to be unconstitutional by the United States Supreme Court, to the Philadelphia County Court of Common Pleas. 2 Pa.C.S. § 754; The Philadelphia Code § 22-1201; §1202. A hearing was held in the Philadelphia County Court of Common Pleas on February 7, 2012 wherein appellant's decision to disqualify appellee from retirement benefits was overruled by the court.

On February 27, 2012, appellant filed this timely appeal. The court ordered appellant to file a concise

statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement"). On March 14, 2012, appellant timely filed a response wherein appellant raises the following issues on appeal:

1. This court should have affirmed the board's conclusion that Rosemary DiLacqua's ("DiLacqua") criminal actions directed that she be disqualified from receipt of pension benefits under Pennsylvania law.

2. This court should have affirmed the board's conclusion that DiLacqua's criminal actions directed that she be disqualified from receipt of pension benefits under the Philadelphia Code.

3. This court should have rejected DiLacqua's attempts to lodge a collateral attack on her criminal conviction before the board and before this court.

4. This court should have ruled that DiLacqua's criminal conviction for the federal crime of mail fraud, 18 U.S.C. § 1341 & 1346, is substantially the same as the state crime of theft by deception, 18 Pa. C.S. § 3922, as set forth in the State Public Employee Pension Forfeiture Act, 43 P.S. § 1311 et seq.

5. This court should have ruled that the criminal conviction DiLacqua incurred in her role as president of the Board of Directors of the Philadelphia Academy Charter School, a public charter school in Philadelphia, should result in the forfeiture of her pension.

6. This court should have respected the factual findings and credibility determinations of the fact-finder, the board, rather than making its own factual

findings and credibility determinations.

7.   For the foregoing reasons, this court should have affirmed the board's decision and upheld DiLacqua's disqualification from receipt of pension benefits.

8.   The board reserves the right to raise additional issues to the extent such additional issues are presented by this court's opinion.

After careful review, the court finds these claims without merit. As appellant's paragraphs 5, 7 and 8 are redundant, the court will address the remaining five (5) paragraphs. 1925(b) Statement. First, the court finds that appellant committed an error of law when it decided to disqualify and terminate Appellee's pension benefits based on a guilty plea and conviction which has since been deemed unconstitutional by the Supreme Court of the United States. Appellant terminated appellee's pension benefits because she plead guilty to honest services mail fraud, which appellant determined triggered the disqualification of appellant from receiving her pension under the Philadelphia Code. In June of 2010, the Supreme Court of the United States held that convictions of honest services mail fraud outside of bribery and kickbacks are unconstitutional. The United States Supreme Court's holding fundamentally altered the analysis that appellant must take in deciding whether an employee is disqualified from receiving their pension under the Philadelphia Code. Appellant denied appellee's appeal of her disqualification in April of 2011, which was after the United States Supreme Court's June 24, 2010 decision. Based on the change in intervening law, the appellant's decision to terminate appellee's benefits was an error of law.

Second, and similarly, this court finds that appellant committed an error of law when it decided to disqualify and terminate appellee's pension benefits based on a now unconstitutional federal conviction for honest services mail fraud. Appellant determined that appellee's guilty plea and conviction for honest services mail fraud was substantially similar to an enumerated section of the Pennsylvania Forfeiture Act, namely the crime of theft by deception. The Supreme Court of the United States held that convictions of honest services mail fraud are limited to bribes and kickbacks; any conviction for honest services mail fraud beyond bribes and kickbacks is unconstitutional as of June 2010. Appellant terminated Appellee's benefits in April of 2011. The United States Supreme Court's holding fundamentally altered the analysis for which crimes are substantially similar to the Pennsylvania Forfeiture Act. Appellant denied appellee's appeal of her pension forfeiture in April of 2011, which was after the United States Supreme Court's June 24, 2010 decision.

Based on the change in intervening law, the appellant's decision was in error. The salient facts in this matter are as follows:

## II. Facts

Appellee was employed as a full time police officer with the City of Philadelphia from 1984 to 2009. Certified Record (09/06/2011) ("Findings of the Board of Pensions and Retirement"). During that period, she was promoted to the rank of detective. Id; brief of appellant (10/04/2011). Simultaneously, from the year 2000 to 2008, appellee served as the president of the Board of Directors of

the Philadelphia Academy Charter School (hereinafter referred to as "Charter School"); this was an unpaid volunteer position at the school where appellee's autistic son was a student. Certified record (09/06/2011)("Findings of the Board of Pensions and Retirement"); Brief of Appellant (10/04/2011). As board president, appellee was responsible for overseeing the Charter School's operations, including approving major expenditures and employee salaries. Certified Record (09/06/2011)("Findings of Board of Pensions and Retirement"). While serving on the Charter School's board, appellee entered into three (3) financial arrangements with the founder of the school. Brief of appellant (10/04/2011). However, appellee did not disclose those financial arrangements to the board of the Charter School of which she was President. *Id.*

Appellee accepted, received and/or solicited three (3) payments and/or loans in connection with the Charter School: (i) a $15,000 loan from the founder of the Charter School to appellee in March 2002 to pay for legal representation for her husband; (ii) a gift of approximately $10,000 from the founder of the Charter School in August 2007 to appellee to assist appellee in paying her daughter's college tuition; and (iii) a $9,000 loan from the founder of the Charter School in January 2005 issued directly to appellant's sister. Certified record (09/06/2011) ("Findings of the Board of Pensions and Retirement"); Brief of appellant (10/04/2011). During this same period of time, appellee approved expenditures, bonuses and salary increases to the benefit of the founder and CEO and other Charter School staff without Charter School Board approval. Certified Record (09/06/2011)("Findings of the Board of Pensions and Retirement").

The Charter School underwent a federal investigation into the activities of the founder and CEO, as well as other individuals associated with the Charter School. Brief of appellant (10/04/2011). Appellee's acceptance, receipt and solicitation of the undisclosed funds was uncovered during the federal investigation. *Id.* In July of 2009, the United States filed an information charging appellee with "honest services" mail fraud, in violation of 18 U.S.C. § 1341 ("Frauds and Swindles") and 18 U.S.C. § 1346 (Definition of "Scheme or Artifice to Defraud" includes honest services fraud) for failing to report the loans and payments on her annual state financial interest form pursuant to the Pennsylvania Ethics Act; and for failure to disclose these matters to the Charter School Board. Certified Record ("United States District Court for the Eastern District...Count Four...Information"); 65 Pa. C.S. §§ 1104(a), 1105,1109(b). Specifically, appellee was charged with causing a letter from the Charter School to be delivered by United States mail to an outside auditing firm stating that "there were no material transactions that had not been properly recorded in the accounting records underlying the financial statements and that [appellee] was not aware of any fraud or suspected fraud at [the Charter School]." Certified Record ("United States District Court for the Eastern District...Count Four...Information").

Shortly thereafter, on July 21, 2009, appellee entered a guilty plea to one count of honest services mail fraud in the Federal District Court for the Eastern District of Pennsylvania. Certified Record (09/06/2011)(Ex. Dilacqua Record 5- "Transcript of the July 21, 2009 Arraignment/ Plea Hearing of Rosemary DiLacqua"). Appellant did not plead guilty to theft, bribery or any other crimes. *Id.* No

restitution was ordered. Certified record (09/06/2011) ((Ex. Dilacqua Record 2"). Appellee was sentenced on December 15, 2009. Certified record (09/06/2011) ("Findings of the Board of Pensions and Retirement"). Appellee was neither charged with, nor pled, nor found guilty of any violations of the Pennsylvania Penal Code. *Id.*

Appellee voluntarily terminated her employment with the City of Philadelphia as a police and prosecution detective effective June 19, 2009 as required by her participation in the city's DROP program. Certified Record (09/06/2011)("Findings of the Board of Pensions and Retirement"). Upon separation, appellee began to receive her DROP payments. *Id.* On June, 20, 2009, appellee began to receive retirement benefits based on her more than twenty (20) years of credited service with the City of Philadelphia. *Id.*

On March 3, 2010, appellant received notification that appellee had pled guilty to federal honest services mail fraud; appellant voted to disqualify appellee from receipt of further pension benefits on March 18, 2010 pursuant to the Pennsylvania Pension Forfeiture Act and the Philadelphia Code. *Id.*

Appellee appealed appellant's decision on March 30, 2010; an appeal hearing was held at the Board of Pensions on December 8, 2010, wherein appellee was unavailable to testify. Certified Record (09/06/2011)(Ex. Dilacqua Record 3-4). On June 24, 2010, the United States Supreme Court published a decision holding the crime of honest services fraud in the nature of conflict of interests as unconstitutional. *United States v. Skilling,*

130 S. Ct. 2896 (U.S. 2010). On April 28, 2011, after further review, appellant approved the disqualification and termination of appellee's pension benefits. Certified Record (09/06/2011))("Findings of the Board of Pensions and Retirement"). Appellee commenced an appeal in the Philadelphia County Court of Common Pleas on May 20, 2011. A hearing on appeal was held on February 7, 2012 wherein the court overruled appellant's decision to disqualify and terminate appellee's pension benefits.

## III. Legal Analysis

1. *Appellant erred in concluding that appellee's criminal actions directed that she be disqualified from receipt of pension benefits under Pennsylvania law.*

It is well settled that the scope of review for agency appeals is limited to three determinations where there is a complete record. Under Pennsylvania Local Agency Law, a court may proceed under one or two standards of review. 2 Pa.C.S. § 754 (2012). When the record is incomplete, the court may either hear the appeal de novo or remand the proceedings back to the agency to complete the record. *Id.* However, upon the filing of a complete record, the court's review is limited to determining: 1) whether the agency's decision violated constitutional rights; 2) whether the agency's necessary findings of fact are supported by substantial evidence in the record; and 3) whether the agency committed an error of law. 2 Pa.C.S. §754(b). A reviewing trial court exceeds the statutory standard of review when, upon a complete record, it make its own factual findings and credibility determinations. *Davis v. Civil Serv. Comm'n of Phila.,* 820 A.2d 874, 878 (Pa. Cmwlth., 2001).

The City of Philadelphia, as authorized by its Home Rule Charter, enacted a local law to govern retirement and benefits of city employees. Phila. Home Rule Charter; Philadelphia Code § 22-101; §22-102. Under the Philadelphia Code, and specifically the Public Employees Retirement Code (hereinafter referred to as "Retirement Code"), a city employee is subject to disqualification from receiving retirement benefits, except a return of contribution paid into the retirement system, if such an employee:

(a)(1) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following:

(.2) Acceptance of a bribe for the performance, or affecting the performance or for the non-performance of the employee's official duties, or the offering or giving of a bribe to any other City employee or employee of the Commonwealth or of the United States for the performance or affecting the performance or for the non-performance of the employee's official duties;

(.3) Engaging in graft or corruption incident to or in connection with the employee's office or employment constituting a violation of the laws of the commonwealth or the United States;

(.4) Theft, embezzlement, willful misapplication, or other illegal taking of funds or property of the City, or those of any official agency of the City, or agency, engaged in performing any governmental function for the city or the commonwealth;

(.5) Malfeasance in office or employment.

Philadelphia Code § 22-1302(1)(a)(.2),(.3),(.4),(.5). An employee may be disqualified for pleading guilty, pleading no defense, or being found guilty of both state and federal crimes. *Merlino v. Phila. Bd. of Pensions & Retirement,* 916 A.2d 1231 (Pa. Cmwlth. 2007). The Retirement Code does not define terms in the disqualification provision. Therefore, Appellant must look to the underlying illegal act; common law definitions, including definitions from Black's Law Dictionary; and approved usage of the terms in determining whether an employee's conduct or crime pled to requires disqualification from retirement benefits under the Retirement Code. Merlino, 916 A.2d at 1235; *Bellis v. Bd. of Pensions & Retirement,* 634 A.2d 821 (Pa. Cmwlth. 1993)(appeal denied by *Bellis v. Bd. of Pensions & Retirement,* 539 Pa. 670, 652 A.2d 840 (1994); *Osser v. City of Philadelphia,* 503 A.2d 466, 469 (Pa. Cmwlth. 1986).

The court notes that while the appellant must analyze its factual findings in the above mentioned framework, the appellant must not lose sight of the relationship between the Philadelphia Retirement Code and the Pennsylvania Public Employee Pension Forfeiture Act (hereinafter referred to as "Forfeiture Act"). The Forfeiture Act governs pension forfeiture by public employees in Pennsylvania, which of course includes public employees in Philadelphia County. 43 P.S. § 1313. While the appellant has authority to make determinations based on the Philadelphia Retirement Code, these determinations cannot conflict with the state forfeiture act. Specifically, the appellant must refrain from applying provisions of the Retirement Code in a manner that conflicts with the state Forfeiture Act.

The Supreme Court of Pennsylvania addressed this issue in *Mazzo v. Bd. of Pensions v. Retirement of the City of Philadelphia*, 531 Pa. 78, 611 A.2d 193 (1992), where the lower court upheld a portion of a section of the Retirement Code when that section conflicted with the state forfeiture act. At the time of Mazzo, the Retirement Code included a provision that made job reinstatement a prerequisite to receiving pension benefits after an employee is acquitted from crimes previously charged against them. *Id.* The Forfeiture Act did not contain such a prerequisite; in contrast, the Forfeiture Act mandated, as it does now, that benefits shall be reinstated upon being tried and found not guilty or upon the dismissal of the criminal charges. Mazzo, 611 A.2d at 195; 43 P.S. §1313.

The Forfeiture Act requires a conviction. 43 P.S. § 1313; Mazzo, 611 A.2d at 195-197. Without a conviction, neither forfeiture under the state act nor disqualification under the city code can be applied to appellee's pension benefits. Appellant, rightfully so, concedes as much. N.T. (02/07/2012) at 25-30. To rule otherwise would result in a conclusion that is akin to that expressed by the dissent in Mazzo:

> "The pension forfeiture statute was not intended to foreclose a municipality from denying retirement benefits for public officials and employees who have committed criminal conduct simply because the evidence falls short of the legal standard necessary for a criminal conviction. The pension forfeiture statute was intended to impose an additional civil penalty for criminal conduct involving a public office or public employment. In instances in which there has not been a criminal prosecution or conviction, a municipality

should not be foreclosed from producing evidence of criminal conduct in a collateral civil proceeding that will affect the public officer's or public employee's right to receive retirement benefits."

Mazzo, 611 A.2d at 197(emphasis added). This is not the law in Pennsylvania. Appellant may not apply the provisions of the Retirement Code in a manner that conflicts with the state Forfeiture Act, which requires a conviction for forfeiture of pension benefits. The court did not err in ruling that appellee was not disqualified from her pension benefits under Pennsylvania law.

2. *Appellant erred in concluding that appellee's criminal actions required that she be disqualified from receipt of pension benefits under the Philadelphia Retirement Code.*

Turning back to the Philadelphia Retirement Code, the Appellant erred in determining that appellee's guilty plea and subsequent conviction of federal honest services mail fraud constituted forfeiture of her pension benefits under the Retirement Code. Here, appellant contends that, as a matter of law, appellee's conviction of federal honest services under the mail fraud section of the federal penal code resulted in appellee's disqualification under sections (1)(a)(.2) -- (a)(.5) of the Retirement Code. Certified Record (09/06/2011)("Findings of the Board of Pensions and Retirement"). Specifically, the appellant found that Appellee's actions constituted:

(1) a bribe for the performance, or affecting the performance or for the non-performance of appellee's duties (§22-1302(1)(a)(.2));

(2)  graft or corruption incident to or in connection with appellee's office or

(3)  employment (§ 22-1302(1)(a)(.3));

(4)  theft, embezzlement, willful misapplication, or other illegal taking of funds or property (§ 22-1302(1)(a)(.4)); and

(5)  malfeasance ((§ 22-1302(1)(a)(.5).

Certified Record (09/06/2011)("Findings of the Board of Pensions and Retirement").

Appellant was charged with and pled guilty to honest services mail fraud in violation of 18 U.S.C. § 1341 ("Frauds and Swindles"). Under the Federal Crimes Code governing Mail Fraud and Other Offenses, whoever devises or intends to devise any "scheme or artifice to defraud", and for the purpose of executing such scheme or artifice, "places in any post office or authorized depository for mail matter...shall be fined or imprisoned...." 18 U.S.C. § 1341. A scheme or artifice to defraud includes the deprivation of another of the "intangible right of honest services." 18 U.S.C. §1346. Pursuant to the United States Supreme Court ruling in Skilling, section 1346 only includes bribery and kickback schemes. Skilling, 130 S. Ct. at 2927-29, 2931-33. Any interpretation of "scheme or artifice" beyond this limitation is an unconstitutional deprivation of due process. *Id.* (explaining that undisclosed self-dealing by public officials or private employees is not included in the definition of honest services fraud). The legal effect of the United States Supreme Court ruling is that conflict of interest honest services fraud is void as a valid basis for a conviction. Simply stated, "an undisclosed conflict

of interest is not a crime." *United States v. Lynch*, 807 F. Supp. 2d 224, 234-35 (E.D. Pa. 2011).

Considering that appellee pled guilty to and was convicted under a now unconstitutional theory of honest services mail fraud, appellant erred in determining that Appellee was disqualified from her pension under the Retirement Code. Appellant initially terminated appellee's pension benefits on March 18, 2010; appellee appealed this decision on March 30, 2010, and a hearing was subsequently held on December 8, 2010. Certified Record (09/06/2011)("Findings of the Board of Pensions and Retirement"). Conflict of interest honest services fraud was held unconstitutional by the United States Supreme Court on June 24, 2010. Skilling, 130 S. Ct. at 2927-29, 2931-33.

Appellant denied appellee's appeal of her benefits termination on April 28, 2011. Appellee was not charged with any violations of the Pennsylvania Penal Code. Therefore, there was no basis for appellant's decision to disqualify appellee from receiving pension benefits under the Philadelphia Retirement Code at the time that appellant decided to deny appellee's appeal. The court did not err in ruling that appellee was not disqualified from her pension benefits under the Retirement Code.

3.  *The court properly determined that appellant erred when it interpreted the Philadelphia Retirement Code in a manner inconsistent with the Pennsylvania Forfeiture Act*

As discussed above, the Forfeiture Act requires a conviction to trigger forfeiture. 43 P.S. § 1313; Mazzo, 611 A.2d at 195-197. At the time that appellant decided to deny appellee's appeal, thereby disqualifying appellee

from receiving her pension benefits, there was no basis for either disqualification under the Retirement Code, nor forfeiture under the Forfeiture Act. To be clear, appellant could not consider conflict of interest honest services mail fraud in its analysis of whether or not appellee's actions fell under either the Retirement Code or the Forfeiture Act. This is where appellant erred. In making this determination, the court did not, as appellant alleges in its 1925(b) statement, allow appellee to collaterally attack her criminal conviction. 1925(b) statement. Instead, the court found as error appellant's attempt to adjudicate in a manner suggested by the dissent in Mazzo, which was to consider evidence of a non-existent criminal conviction in a collateral civil proceeding. *Mazzo*, 611 A.2d at 197. To allow the appellant to adjudicate in this manner is to allow an interpretation of the retirement code that is inconsistent with the State Forfeiture Act and, as discussed next, to allow the appellant to require a provision that is not explicitly required in the State Forfeiture Act. Again, appellant has conceded as much during oral arguments in this matter. Appellant, with the requisite level of candor, admitted that appellant knew that it needed a conviction to proceed with terminating appellee's benefits. N.T. (02/07/2012) at 26.

4. *Appellant erred in concluding that Appellee's actions, which are no longer criminal, required that she be disqualified from receipt of pension benefits under the Pennsylvania Forfeiture Act.*

The Forfeiture Act governs pension forfeiture by public employees in Pennsylvania, which of course includes public employees in Philadelphia County. 43 P.S. § 1313. Under the Forfeiture Act, a public employee forfeits their entitlement to retirement benefits if the employee is

convicted of or pleads guilty to any crime related to public office or public employment. 43 P.S. § 1313(a). Forfeiture of retirement benefits is triggered by a guilty plea or initial conviction; however, "if a verdict of not guilty is rendered or the indictment or criminal information [is] finally dismissed," the official or employee "shall be reinstated as a member of the pension fund or system and shall be entitled to all benefits...." 43 P.S. § 1313(b). The Pennsylvania Legislature enumerated a number of criminal offenses applicable to the Forfeiture Act, including theft by deception, theft of services, theft by failure to make required disposition of funds received, and misapplication of entrusted property and bribery. 43 P.S. § 1312.

Here, appellee pled guilty to and was convicted under a now unconstitutional theory of honest services mail fraud. Appellee was never charged under any of the potentially applicable criminal offenses enumerated in the Forfeiture Act. At the time that appellant decided to permanently terminate appellee's benefits in April of 2011, which is when appellant denied appellee's appeal, conflict of interest honest services mail fraud was not a viable theory upon which to base a forfeiture decision. Since appellee's conviction was based on one, and only one count of the very criminal offense deemed unconstitutional, appellant had no basis to terminate appellee's pension benefits. Again, appellant concedes that this is the proper analysis. When asked in oral arguments in this matter whether or not, today, appellee's pensions benefits could be terminated based on all relevant known facts, appellant, with all appropriate candor, responded that appellant could not properly terminate the benefits because of the necessity of a conviction. N.T. (02/07/2012) at 25.

*5. The Court properly ruled that appellant's decision to disqualify and terminate appellee's pension benefits was both unconstitutional and an error of law.*

The court's standard of review on appeal of an agency determination is limited to three questions: 1) whether the agency's decision violated constitutional rights; 2) whether the agency's necessary findings of fact are supported by substantial evidence in the record; and 3) whether the agency committed an error of law. 2 Pa.C.S. § 754(b). The court is precluded from making findings of fact and credibility determinations within the posture of the instant case on appeal. Davis, 820 A.2d at 878. The court properly determined that appellant's decision to terminate appellee's pension benefit based on an unconstitutional basis of criminal culpability violated appellee's constitutional rights. Furthermore, the court properly determined that appellee committed an error of law by interpreting the retirement code and the State Forfeiture Act in a manner inconsistent with Pennslyvania law, namely that appellee's benefits could be terminated based on an unconstitutional conviction.

## IV. Conclusion

The court did not err in determining that appellant's decision to terminate appellee's pension benefits based on an unconstitutional theory of criminal liability was a violation of appellee's constitutional rights and an error of law. The court notes the procedural posture of this case and the intervening change in the law governing honest services mail fraud. However, the court did not err in preventing the appellant from adjudicating in a manner that is contrary to Pennsylvania law. The court's ruling must stand.