**Donnie BREEDEN, Appellant**

v.

**BOROUGH OF CRAFTON.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2012.

Decided Dec. 4, 2012.

---

Ronald P. Koerner, Bethel Park, for appellant.

John M. Daley, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge (P.), and COVEY, Judge.

OPINION BY Judge COVEY.

Donnie Breeden (Breeden) appeals from the Allegheny County Common Pleas

Court's (trial court) November 7, 2011 order affirming the Crafton Borough Council's (Council) decision denying Breeden's appeal from the Pension Plan Administrator's (Plan Administrator) decision that Breeden is not entitled to a vested pension. There are three issues before this Court: (1) whether the trial court erred in concluding that the Plan Administrator could deny Breeden a vested pension on the basis of the collective bargaining agreement (CBA); (2) whether the trial court erred in determining that the Crafton Borough (Borough) could retroactively void Breeden's pension benefits for events which occurred after July 16, 2006, the date his pension vested after 12 years of service; and (3) whether the trial court erred in deciding that the Public Employee Pension Forfeiture Act (Forfeiture Act)[1] did not pre-empt and, therefore, invalidate the local ordinance or CBA. We affirm.

The facts are not in dispute, as they were stipulated to by the parties. The Borough hired Breeden as a police officer on July 16, 1994, and he worked continuously until his employment termination on August 3, 2009. Breeden's employment termination was due to his involvement in a motor vehicle/pedestrian accident that resulted in a death. On August 3, 2009, by August 5, 2009 letter, the Borough terminated Breeden's employment for cause. The Borough determined that Breeden's conduct constituted conduct unbecoming an officer, a violation of the law, neglect or violation of his official duties, and disobedience of orders under both the Crafton Borough Code (Code) and Section 6.1 of the Civil Service Commission Rules and Regulations. Breeden appealed this decision to the Civil Service Commission.

Breeden sent a letter of resignation dated August 3, 2009, in contemplation of his employment termination. In his August 3, 2009 resignation letter, Breeden informed the Borough that it was his intent to vest his pension. The Borough did not accept Breeden's resignation and instead authored an employment termination letter. On August 8, 2009, Breeden submitted a letter to the Borough's Pension Plan Administrator, Mary Tremblay, asserting that his employment had ended as of August 3, 2009 and, pursuant to the Borough Pension Ordinance, Ordinance 1537 (Ordinance), he intended to have his pension vested. The Plan Administrator denied Breeden's request pursuant to Article 16, Section A of the parties' CBA due to Breeden's employment termination for cause.

■ Breeden appealed from the denial of his request to the Council. The parties agreed to delay resolution of the pension matter until Breeden's civil service appeal was resolved. On February 5, 2010, the Civil Service Commission upheld Breeden's employment termination. Breeden appealed from that determination to the trial court. On December 8, 2010, the trial court affirmed the Civil Service Commission's decision upholding Breeden's employment termination for cause. Breeden resumed his appeal from the Plan Administrator's denial of his pension request. On April 21, 2011, the Council denied Breeden's request for a vested pension, from which Breeden appealed to the trial court. On November 7, 2011, the trial court dismissed Breeden's appeal and affirmed the Council's decision. Breeden appealed to this Court.[2]

1. Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311–1315.

2. Our scope of appellate review over a decision of a local agency where the trial court took no new evidence is limited to determining whether constitutional rights were violated, an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether the proce-

■ Breeden first argues that notwithstanding the CBA language disqualifying individuals discharged for cause from recovering a vested pension, such language was never placed in the Ordinance which is controlling. Specifically, he contends that the Ordinance permits an officer to receive a vested pension if he has 12 years of service and his employment is terminated for any reason other than death or total or permanent disability.

The Ordinance is authorized under the statute commonly referred to as Act 600.[3] Section 1(a)(2) of Act 600 specifically provides that:

Such fund shall be under the direction of the governing body of the borough, town, township or regional police department, and applied under such regulations as such governing body, by ordinance or resolution, may prescribe **for the benefit of such members of the police force as shall receive honorable discharge therefrom** by reason of age and service, or disability. . . .

53 P.S. § 767(a)(2) (emphasis added). Further, Section 5(h) of Act 600 provides: "The ordinance or resolution establishing the police pension fund **may provide for a vested benefit** provided that such would not impair the actuarial soundness of the pension fund." 53 P.S. § 771(h) (emphasis added).

Because Section 5(h) of Act 600 uses the word "may," that section is within the Borough's discretion. *Waros v. Borough of Vandergrift*, 161 Pa.Cmwlth. 538, 637 A.2d 731 (1994). Since a vested pension is discretionary, the Borough is permitted to include the pension requirements in the CBA. *Id.* Article 16, Section A of the CBA specifically provides that "**no Officer shall be entitled to elect benefits of a vested pension who has been discharged for cause by the Borough of Crafton.**" (Emphasis added). Breeden did not appeal from the Civil Service Commission's employment termination for cause determination. Accordingly, the trial court did not err in concluding that the Plan Administrator properly denied Breeden his vested pension on the basis of the CBA.

■ Breeden next argues that the trial court erred in determining that the Borough could retroactively void Breeden's pension benefits for events which occurred after July 16, 2006, the date his pension vested after 12 years of service. Specifically, he contends that the Pennsylvania Supreme Court spoke on this issue in *Commonwealth v. Officers and Employees Retirement Board (Zimmerman)*, 503 Pa. 219, 469 A.2d 141 (1983), wherein, it held that it was unconstitutional to use the Forfeiture Act to retroactively divest vested pension rights.

However, the *Zimmerman* Court did not hold that Zimmerman could not lose his pension because his rights had already vested. Rather, the Court held that he could not lose his pension because his pension vested **before** the enactment of the statute requiring that he not receive it. The rationale behind the Supreme Court's ruling was that Zimmerman was not put on notice that he could lose his pension if he did not remain in faithful service to his employer as required by the Forfeiture Act.

Here, Breeden had notice, based on the CBA, that if he was discharged for cause

---

dure before the local agency was contrary to statute.
*United Police Soc'y of Mt. Lebanon v. Mt. Lebanon Comm'n*, 49 A.3d 4, 8 n. 8 (Pa. Cmwlth.2012).

3. Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§ 767–778 (Municipal Police Pension Law).

he would also lose his pension. As Breeden had notice, *Zimmerman* does not apply. Accordingly, the trial court did not err in determining that the Borough could retroactively void Breeden's pension benefits for events which occurred after the date his pension benefits vested.

■ Lastly, Breeden argues that the trial court erred in deciding that the Forfeiture Act did not pre-empt and, therefore, invalidate the local ordinance or CBA. Specifically, he contends that the Forfeiture Act pre-empts the CBA based on *Mazzo v. Board of Pensions and Retirement of City of Philadelphia*, 531 Pa. 78, 611 A.2d 193 (1992). Breeden further avers that Section 2 of the Forfeiture Act, 43 P.S. § 1312, lists the criminal offenses included for a pension forfeiture, and the crimes to which Breeden pled guilty and *nolo contendre* are not listed in Section 2 of the Forfeiture Act.

The *Mazzo* Court specifically held:

It is clear that [the Forfeiture Act] contains no express provision addressing the question of whether municipal ordinances can provide for forfeiture of pension benefits upon terms different from those contained in the statute. Nevertheless, the plain language of the statute leads us to conclude that, where forfeitures based upon allegations of criminal misconduct are concerned, the legislature did not intend that municipalities would restrict the payment of benefits, which, under [the Forfeiture Act], are required to be paid.

531 Pa. at 83–84, 611 A.2d at 196. Because the Forfeiture Act and the ordinance in *Mazzo* both referred to the same crime, and the Forfeiture Act states that public employees **shall** receive their pensions, the ordinance could not change that mandate by requiring the dismissed employee to obtain reinstatement in order to be eligible for pension benefits. *Id.*

While the Forfeiture Act requires forfeiture of pensions for the commission of specific crimes, it does not state that there can be no other reason for a pension forfeiture. The ordinance in the *Mazzo* case was pre-empted for the sole reason that it pertained to the identical crime listed in the Forfeiture Act. Here, Breeden forfeited his pension under his CBA for being discharged for cause, not for committing a specific crime. Accordingly, the trial court did not err in deciding that the Forfeiture Act does not pre-empt the CBA.

For all of the above reasons, the trial court's order is affirmed.

### ORDER

AND NOW, this 4th day of December, 2012, the Allegheny County Common Pleas Court's November 7, 2011 order is affirmed.